# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:08cv443

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | **O R D E R** |
| PEOPLE UNLIMITED CONSULTING, INC. 401(k) RETIREMENT PLAN, a benefit plan, PEOPLE UNLIMITED CONSULTING, INC., JANICE LOVE, an individual, and LINDA MARLER, an individual, ) ) ) ) ) ) | |
| Defendants. ) ) | |

**THIS MATTER** is before the Court on the Plaintiff's Response to the Court's Order to Show Proof of Service [Doc. 9], filed April 13, 2009.

As an initial matter, it is noted that the caption of the case names Elaine L. Chao as the Secretary of Labor because she was the presiding Secretary at the time the action was filed. Since the date of filing, a new Secretary has been named, Hilda L. Solis. Although the Plaintiff filed her response with the name of the new Secretary, she did not move to correct the caption. The Court will order that the caption be corrected to reflect the new Secretary.

With regard to the issues surrounding service of process, the background of this case is as follows. On September 25, 2008, the Plaintiff initiated this action alleging violations of the Employee Retirement Income Security Act, 29 U.S.C. §1001, *et. seq.* The Complaint named as Defendants (1) the People Unlimited Consulting, Inc. 401(k) Retirement Plan (the Plan); (2) People Unlimited Consulting, Inc.; (3) Janice Love, the owner and president of People Unlimited Consulting, Inc.; and (4) Linda Marler, a benefit plan administrator. The Plaintiff failed to effect service within 120 days from the date the Complaint was filed. As a result, the undersigned ordered the Plaintiff to show good cause for failing to effect service. [Doc. 6].

The Plaintiff responded on February 13, 2009 and explained her good faith efforts to serve the Defendants. [Doc. 7]. As a result, the undersigned granted the Plaintiff an additional period of time within which to serve each of the Defendants. [Doc. 8].

The Plaintiff has now filed proof of service as to each of the Defendants. [Doc. 9]. Defendant Marler was personally served on January 30, 2009.[1] [Doc. 9-3]. After three separate attempts with due diligence to

---

[1] In fact, this defendant had been served at the time of the initial response to the Order to Show Cause but the affidavit had not been received from the process server. [Doc. 9 at 2 n.1]. Out of an abundance of caution, however, the Plaintiff requested an

2

serve Defendant Love and People Unlimited Consulting, Inc. by personal service, each was served by publication. [Doc. 9-3; Doc. 9-2]; see, Fed.R.Civ.P. 4(e)(1); N.C.G.S. §1A-1, Rule 4(j1). The unincorporated Plan was served by serving Defendant Marler; and, in addition to service by publication, the corporate Defendant was served by service on Defendant Love. Fed.R.Civ.P. 4(h)(1)(A); N.C.G.S. §1A-1, Rule 4(j)(6)(b) ("by serving process upon such agent or the party in a manner specified by any statute"); N.C.G.S. §1A-1, Rule 4(j)(8)(b); N.C.G.S. §1A-1, Rule 4(j1) (service by publication). As a result, the Court finds that the Plaintiff has complied with the Court's Show Cause Order to file her basis for establishing service.

**IT IS, THEREFORE, ORDERED** that the caption of this matter is hereby amended to reflect the name of the Secretary of Labor as Hilda L. Solis.

Signed: June 3, 2009

Martin Reidinger
United States District Judge

---

extension of time within which to serve Defendant Marler. [Doc. 7].

3